**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| KENNETH ALLAN TUCKER,<br><br> Plaintiff,<br><br>-vs-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and TRANS UNION LLC,<br><br> Defendants. | CASE NO. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, KENNETH ALLAN TUCKER (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and TRANS UNION LLC (hereinafter "Trans Union") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

1

3. Consumer reporting agencies that create consumer reports, like Experian and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Pasco County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

16. Plaintiff had a credit account with non-party, Credit One Bank (hereinafter "Credit One") for a credit card, partial account number 444796256430***** (hereinafter "Credit One Account").

17. On or about October 8, 2023, Plaintiff became aware through his credit monitoring app of a 90 days past due balance of $114 on his Credit One Account.

18. Upon review of his Credit One Account, Plaintiff learned that the balance was for a membership fee and late fees. Plaintiff was never made aware of the membership fee and did not agree to the membership fee.

19. Shortly thereafter, Plaintiff contacted Credit One to dispute the erroneous charge, and in response, Credit One provided a credit for the full amount charged leaving a balance of $0.00 on the Credit One Account.

20. Additionally, Plaintiff disputed the erroneous reporting of the Credit One Account online through his credit monitoring app.

21. On or about October 12, 2023, Trans Union responded to Plaintiff's online dispute by stating the Credit One Account was verified as accurate with a past due balance of $114.

22. Trans Union failed to do any independent investigation into Plaintiff's dispute, and never attempted to contact Plaintiff during the alleged investigation.

23. On or about October 17, 2023, Plaintiff obtained a copy of his Experian credit report and upon review, observed the Credit One Account was being reported with a past due balance of $114.

24. On or about October 18, 2023, Plaintiff reported the inaccurate reporting of the Credit One Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 231018-12277692.

25. In the CFPB report, Plaintiff detailed the fact that he never authorized the charge to the Credit One Account, the CRAs were reporting the Credit One Account inaccurately on his credit report, and he requested an investigation into the inaccurate reporting by the CRAs.

26. Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Experian and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

27. Upon information and belief, Experian and Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous accounts on his credit report.

28. In response to the inaccurate reporting, on or about October 31, 2023, Plaintiff mailed written dispute letters to Experian and Trans Union. In the dispute letter, Plaintiff explained the Credit One Account should be reported with a balance of $0.00 and a pay status of "pays as agreed". To confirm his identity, Plaintiff included a copy of his driver's license and Social Security Card in his letter.

Additionally, in Plaintiff's dispute letter he provided images from his credit report, a copy of his CFPB complaint, and other supporting documents.

29. Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Experian (7016 0910 0000 9305 0966) and Trans Union (7016 0910 0000 9305 0942).

30. On or about November 9, 2023, Trans Union responded to Plaintiff's detailed written dispute by stating the Credit One Account was verified and updated. To Plaintiff's relief, the balance of the Credit One Account was updated to $0.00. However, Trans Union continued to inaccurately report the Credit One Account as being 30 days past due in October 2023 in his payment history of the tradeline.

31. Despite providing Trans Union with all the relevant information needed to prove the inaccurate reporting of the Credit One Account, Trans Union continued to report inaccurate payment history of the Credit One Account.

32. Trans Union failed to do any independent investigation into Plaintiff's dispute, and never attempted to contact Plaintiff during the alleged investigation.

33. On or about November 14, 2023, Experian responded that the Credit One Account was verified as accurate and continued to report the inaccurate past due balance of $114.

34. Despite providing Experian with all the relevant information needed to prove the inaccurate reporting of the Credit One Account, Experian continued

to report an inaccurate balance of $114 and the status of "Open. $60 past due as of Oct 2023".

35. As of the filing of this Complaint, Defendants continue to report negative and inaccurate information on Plaintiff's credit report regarding the Credit One Account, and Plaintiff's damages are on-going.

36. Defendants have never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of the Complaint with Defendants' refusal to conduct a meaningful and thorough investigation into his disputes as it is required to by law or otherwise make his credit file accurate.

37. As a result of the actions and/or inactions of Defendants, Plaintiff has suffered damage to his credit score.

38. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

  iv. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score; and

  v. Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Negligent)

39. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

40. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

41. Experian allowed for a Furnisher to report inaccurate information on an account.

42. Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

43. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation,

apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

44. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KENNETH ALLAN TUCKER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Willful)

46. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

47. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

48. Experian allowed for a Furnisher to report inaccurate information on an account.

9

49. Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

50. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

51. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

52. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KENNETH ALLAN TUCKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
## Violation of 15 U.S.C. § 1681i as to
## Defendant, Experian Information Solutions, Inc. (Negligent)

53. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

54. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

55. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

56. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

57. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

58. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KENNETH ALLAN TUCKER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

59. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

60. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

61. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

62. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

63. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

64. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KENNETH ALLAN TUCKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Negligent)

65. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

66. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

67. Trans Union allowed for a Furnisher to report inaccurate information on an account.

68. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

69. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

70. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

71. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KENNETH ALLAN TUCKER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC,

jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Trans Union LLC (Willful)

72. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

73. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

74. Trans Union allowed for a Furnisher to report inaccurate information on an account.

75. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

76. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

77. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

78. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KENNETH ALLAN TUCKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
## Violation of 15 U.S.C. § 1681i as to
## Defendant, Trans Union LLC (Negligent)

79. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

80. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

81. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union refused

to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

82. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

83. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

84. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KENNETH ALLAN TUCKER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VIII
### Violation of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Willful)

85. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

86. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

87. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

88. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

89. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

90. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KENNETH ALLAN TUCKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KENNETH ALLAN TUCKER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and TRANS UNION LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of November 2023.

Respectfully submitted,

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933

Primary Email: Frank@TheConsumerLawyers.com
Secondary Email: Lisa@theconsumerlawyers.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com